```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MICKEY CONLEY,                    )
                                  )
            Plaintiff,            )
                                  )
       v.                         )    No. 4:05CV243(SNL)
                                  )
JAMES PURKETT, et seq.,           )
                                  )
            Defendants.           )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Mickey Conley, an inmate at the Eastern Reception and Diagnostic Center (ERDC) (registration no. 512073), for leave to commence this action without payment of the required filing fee [Doc. #4].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $33.33, and an average monthly account balance of $28.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The
Court must also weigh all factual allegations in favor of the
plaintiff, unless the facts alleged are clearly baseless.  Denton
v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416
U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks damages pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986.  Named as defendants are James Purkett, James Henson, James Bryan, Jerri Elder, Jenny Lewis, Jesse Morgan, Stom Polyne, Unknown Slinkord, J. Crump, J. Light, Douglas Montgomery, Don Roper, Steve Long, Sharon Gifford, Michael Layden, Gary B. Kempker, Jeremiah W. "Jay" Nixon, and Larry Crawford.

Briefly, plaintiff alleges that he was beaten on April 27, 2004, while handcuffed.  Plaintiff also alleges that he was denied his religious rights in October 2004.  Additionally, plaintiff alleges (1) that he has been denied access to the courts because he has been denied adequate access to a law library and other legal materials and (2) that the defendants have conspired to deprive him of equal protection of the laws and of his privileges and immunities.

### Discussion

Plaintiff's claims against defendants Purkett, Henson, Bryan, Elder, Lewis, Morgan, Crump, Light, and Kempker regarding the excessive use of force in violation of the eighth amendment and the denial of his religious rights in violation of the first amendment and the Religious Land Use and Institutionalized Persons

3

Act, 42 U.S.C. §§ 2000cc et seq., survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Purkett, Henson, Bryan, Elder, Lewis, Morgan, Crump, Light, and Kempker reply to these claims.

Plaintiff's conspiracy claims under § 1985(3) should be dismissed because the allegations concerning the conspiracy are conclusory, vague, and unsupported by description of particular overt acts. See Sommer v. Dixon, 709 F.2d 173 (2d Cir. 1983) (prisoner's § 1985(3) claim dismissed because the allegations concerning the conspiracy were vague, conclusory and unsupported by description of particular overt acts). Because plaintiff's § 1986 action is dependent upon the existence of a § 1985(3) claim, plaintiff's § 1986 claim is also frivolous. See McIntosh v. Arkansas Republican Party-Fran White Election Committee, 766 F.2d 337, 340 (8th Cir. 1985).

Plaintiff's claim that he has been denied access to the courts should be dismissed because plaintiff has not alleged actual prejudice to a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Finally, plaintiff's claims against defendants Polyne, Slinkord, Mongomery, Roper, Long, Gifford, Layden, Nixon, and Crawford should be dismissed because plaintiff has not alleged how these defendant were personally and directly responsible for the alleged actions that injured plaintiff. Finally, Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under §

4

1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Polyne, Slinkord, Montgomery, Roper, Long, Gifford, Layden, Nixon, and Crawford because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C.

§ 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Purkett, Henson, Bryan, Elder, Lewis, Morgan, Crump, Light, and Kempker.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Purkett, Henson, Bryan, Elder, Lewis, Morgan, Crump, Light, and Kempker shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this  9th  day of August, 2005.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE